J. S31040/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DUSTIN L. STARK, | : | No. 48 WDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, September 8, 2016,
in the Court of Common Pleas of Elk County
Criminal Division at No. CP-24-CR-0000351-2015

BEFORE:  PANELLA, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED NOVEMBER 22, 2017**

Dustin L. Stark appeals from the September 8, 2016 judgment of sentence after his conviction for the offense of persons not to possess, use, manufacture, control, sell, or transfer firearms.[1]  The Court of Common Pleas of Elk County sentenced him to a term of 30 to 60 months' incarceration.  George N. Daghir ("Attorney Daghir"), appellant's counsel, has filed a petition to withdraw, alleging that the appeal is frivolous, accompanied by an ***Anders*** brief.[2]  We grant counsel's withdrawal petition and affirm the judgment of sentence.

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

[2] ***See Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

The record reflects that between September 25, 2015 and October 16, 2015, appellant traded a firearm that belonged to his stepfather, Michael Feldbauer ("Mr. Feldbauer"), to a friend of his, Anthony Rossino ("Rossino"), in exchange for some electronic devices. On January 28, 2016, appellant moved to suppress his written confession on the basis that when he confessed he was under the influence of unknown controlled substances such that his confession was not voluntarily, knowingly, and intelligently made. After a hearing on April 13, 2016, the trial court, by order and opinion entered April 21, 2016, denied the motion. The trial court made the following relevant findings of fact:

1. In the course of conducting an investigation into the alleged theft of a firearm, Officer John Gangloff of the Ridgway Borough Police Department, an officer with 26 years total experience including 18 years with the Borough of Ridgway, identified [appellant] as a suspect.

2. Officer Gangloff asked [appellant] to meet with him at the Ridgway Borough Police Department and [appellant] agreed, arriving in the early evening hours of October 15, 2015, with his mother, Kathy Feldbauer, and [Mr. Feldbauer], who was the alleged victim of the firearm theft.

3. After approximately 30 minutes of questioning [appellant], Officer Gangloff requested that [appellant] provide a voluntary written statement and presented [appellant] with the standard statement form utilized by the Ridgway Police Department (Commonwealth Exhibit 1).

4. Officer Gangloff read the preprinted portion of the voluntary statement form to [appellant], including what constituted *Miranda* [*v. Arizona*, 384 U.S. 436 (1966)] warnings. Officer Gangloff also included his name and badge number on the form and ultimately signed the voluntary statement at the end as the person who took the statement.

5. [Appellant] otherwise completed the voluntary statement, including the insertion of the date the statement was taken of October 21, 2015, the time of the statement, 6:41 p.m., and the place where the statement was taken. He then completed an eleven-line narrative in his own handwriting which related to the firearm investigation, including items received by him in the trade of a firearm to [Rossino].

6. While [appellant] was providing the written statement, his mother and stepfather were with him. After being present at the police station for approximately 45 minutes to an hour, Officer Gangloff took [appellant] to [appellant's] residence at 252 Euclid Avenue in Ridgway in order to allow [appellant] to retrieve the items that he had received from the trade of the firearm.

7. [Appellant] went into his house and a short time later provided Officer Gangloff with an i-Phone 5, a pink tablet and a blue Straight Talk phone, all of which had been identified with specific particularity in [appellant's] written statement.

8. At no time during Officer Gangloff's interaction with [appellant] on October 21, 2015, did [appellant] indicate that he was under the influence of any alcohol or controlled or counterfeit substance nor did he indicate that he was impaired in any way. Furthermore, he did not reference having taken any prescription

medications prior to his interaction with Officer Gangloff.

9. By virtue of his extensive experience as a police officer, Officer Gangloff has had many interactions with individuals who have been under the influence and detected none of the objective indicators in [appellant's] demeanor or physical manifestations. [Appellant] did not have bloodshot or glassy eyes, he presented no slurred or incoherent speech, his actions were not sluggish, and Officer Gangloff detected no odor of any alcoholic beverage. To the contrary, [appellant] properly answered all of Officer Gangloff's questions and provided a legible and coherent written statement.

10. Another indicator of [appellant's] capacity on October 21, 2015, is that he had the ability to describe in detail the items received from [Rossino] and then located those items in a short period of time at his residence, following which he delivered them to Officer Gangloff.

11. [Appellant's] testimony regarding his condition on October 21, 2015, was not credible, including his recitation that he did not recall being at the Ridgway Borough Police Department whatsoever, that he did not recognize his voluntary written statement of October 21, 2015, admitted as Commonwealth Exhibit 1, and did not recall having written the statement.

12. [Appellant's] contention that his capacity was impaired by virtue of his having sometime in the afternoon of October 21, 2015, two Busch Lite beers, a 5 mg Xanax, and some completely unknown and speculative substance ingested through a Vape-pen or pipe, which purportedly resulted in his becoming physically ill was not supported by any competent or corroborated evidence and is entirely infirm as an attempt to demonstrate that he did not

> have the capacity to have provided a knowing and voluntary statement to Officer Gangloff.
>
> 13. At all times relevant hereto, [appellant] had sufficient capacity and the written statement presented to Officer Gangloff was made knowingly, voluntarily, and intelligently by [appellant].

Findings, Memorandum of Law, and Conclusions of Law, 4/21/16 at 1-3.

At trial, the parties stipulated that appellant was a person not allowed to possess firearms. Rossino testified regarding the trade he made for the firearm. Officer John Gangloff ("Officer Gangloff") of the Ridgway Police Department testified regarding his investigation, his contact with appellant, and appellant's statement which was admitted into evidence. Appellant's mother, Kathy Feldbauer ("Feldbauer"), testified on appellant's behalf that he intended to trade a bicycle for the electronic items, but Officer Gangloff told him that Rossino had provided a statement that appellant traded a gun for the items so appellant should just go along with that. (Notes of testimony, 6/24/16 at 66-67.) On cross-examination, Feldbauer admitted that she told appellant "to write down the truth" in his statement. (*Id.* at 69.)

Appellant elected not to testify. After the trial court charged the jury, the trial court asked counsel whether there were any exceptions to the charge or any additional charge or any additional items. (*Id.* at 83.) At sidebar, Attorney Daghir stated:

> Judge, I did not hear the Court instruct on the [appellant] not testifying and them not being . . . . However, it's – at this late point right now I do not want the Court to make that instruction. And my basis for that is because now I'm concerned that it really would highlight it. I've discussed it with my client, and he's agreeable to not –

*Id.* at 83. Consequently, no instruction was given at that time.

While the jury deliberated, it asked that appellant's statement be read to it, and the trial court denied the request:

> Ladies and gentlemen of the jury, we've come to side-bar and we've met on this before and had an instruction that I didn't read to you that the defendant has an absolute right not to testify in a case. I said it earlier when I gave you your earlier instructions, that he comes into this courtroom cloaked in a – with the presumption of innocence. And the fact that he hasn't testified cannot be used against him because he has an absolute right to not testify in a case.
>
> And counsel and I have met on this issue and met again just now at the bench, and I believe that I'm not allowed to read that statement to you at this time. I'm very specifically by the rules not allowed to give it to you to take out of the courtroom because it's in effect giving you a transcript of something that happened earlier. So it's your recollection – you have to rely on your recollection [of] what he said in the statement that was presented to you in the courtroom.

*Id.* at 86-87.

The jury found appellant guilty of the firearms charge. On September 8, 2016, the sentencing court, though a different judge than the one who conducted the trial, imposed the sentence set forth above. The

- 6 -

trial court noted that neither party objected to the fact that a different judge handled sentencing. (Notes of testimony, 9/8/16 at 2-4.)

On September 14, 2016, appellant filed post-sentence motions and moved for a new trial based on the trial court's failure to charge the jury regarding no adverse inference to be drawn from appellant's failure to testify at trial. Following oral argument on December 2, 2016, the trial court denied the motion for a new trial by order and memorandum opinion dated December 23, 2016. On January 5, 2017, appellant appealed to this court. On January 13, 2017, Attorney Daghir filed a Pa.R.A.P. 1925(c)(4) statement in lieu of a statement of errors complained of on appeal and stated that no errors had been raised because Attorney Daghir intended to withdraw as counsel.

Attorney Daghir raises just one issue for this court's review: "Whether the appeal is frivolous such that counsel's petition to withdraw should be granted?" (Appellant's brief at 3.)

On March 1, 2017, Attorney Daghir filed in this court a petition to withdraw as counsel and an **Anders** brief, wherein Attorney Daghir states that there are no non-frivolous issues preserved for our review on appeal.

> A request by appointed counsel to withdraw pursuant to **Anders** and **Santiago** gives rise to certain requirements and obligations, for both appointed counsel and this Court. **Commonwealth v. Flowers**, 113 A.3d 1246, 1247-1248 (Pa.Super. 2015).

These requirements and the significant protection they provide to an *Anders* appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa.Super. 2007). This Court has summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise additional points worthy of the Court's attention.

*Woods*, 939 A.2d at 898 (citations omitted).

There are also requirements as to the precise content of an *Anders* brief:

> The *Anders* brief that accompanies court-appointed counsel's petition to withdraw

- 8 -

> . . . must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> *Santiago*, 978 A.2d at 361.
>
> *Id.* at 1248. If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.* at 1248. In so doing, we review not only the issues identified by appointed counsel in the *Anders* brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." *Id.*

*Commonwealth v. Hankerson*, 118 A.3d 415, 419-420 (Pa.Super. 2015).

Our review of Attorney Daghir's application to withdraw, supporting documentation, and *Anders* brief reveals that he has complied with all of the foregoing requirements. We note that counsel also furnished a copy of the brief to appellant; advised him of his right to retain new counsel, proceed *pro se*, and/or raise any additional points that he deems worthy of

this court's attention; and attached to the **Anders** petition a copy of the letter sent to appellant as required under **Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa.Super. 2005). **See Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa.Super. 2010) ("While the Supreme Court in **Santiago** set forth the new requirements for an **Anders** brief, which are quoted above, the holding did not abrogate the notice requirements set forth in **Millisock** that remain binding legal precedent."). As Attorney Daghir has complied with all of the requirements set forth above, we conclude that counsel has satisfied the procedural requirements of **Anders**.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5. Thus, we now turn to the merits of appellant's appeal.

Initially, this court will address the possible issue raised by Attorney Daghir of whether the trial court erred when it failed to give the jury instruction not to take an adverse inference regarding appellant's failure to testify. Attorney Daghir called the trial court's failure to issue the charge to the trial court's attention but did not object and, in fact, stated that he did not want the charge issued at that time. This court has held that no part of a jury charge may be assigned as error unless a specific objection is lodged prior to the jury's deliberations. **Commonwealth v. West**, 937 A.2d 516

(Pa.Super. 2007), ***appeal denied***, 947 A.2d 737 (Pa. 2009). As appellant did not object to the failure to charge the jury with this instruction, he cannot raise this issue on appeal. Additionally, when the jury requested that appellant's statement be read to it, the trial court declined the request and, at that time, did explain that the jury is not permitted to make an adverse inference based on appellant's failure to testify.

Attorney Daghir also presents a possible issue for appeal that the judge who presided at the trial did not sentence appellant. The Honorable Michael E. Dunlavey, Senior Judge Specially Presiding, conducted appellant's trial. The Honorable Richard A. Masson, President Judge, sentenced appellant.

Rule 700(a) of the Pennsylvania Rules of Criminal Procedure, Pa.R.Crim.P. 700(a), provides that absent extraordinary circumstances, the judge who presides at trial shall impose sentence. In ***Commonwealth v. McNeal***, 120 A.3d 313 (Pa.Super. 2015), this court applied Pa.Crim.P. 700(a) in a probation revocation case and determined that absent either extraordinary circumstances or the consent of the parties, the judge who conducted a trial or received a plea of guilty shall be the judge to impose sentence. Here, at sentencing, Attorney Daghir stated that he had consulted with appellant and "had no objection to some judge other than Judge Dunlavey doing the sentencing." (Notes of testimony, 9/8/16 at 3.) Because appellant consented to a different judge sentencing him than the

one who presided at trial, we agree with Attorney Daghir that the issue is wholly frivolous and without merit.

The third issue Attorney Daghir raises as a possible issue is that the trial court erred when it denied appellant's motion to suppress the statement appellant made to the Ridgway Police Department. In the suppression motion, appellant argued that his constitutional rights under both the Pennsylvania and United States Constitutions and **Miranda** were violated when the police obtained incriminating oral and written statements from him on October 21, 2015, when he was so intoxicated as to lack the mental capacity necessary to render a voluntary, knowing, and intelligent statement.

Following a hearing in which Officer Gangloff, appellant, and Feldbauer testified, the trial court denied the suppression motion.

Our standard of review for challenges to the denial of a suppression motion is as follows:

> [We are] limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where . . . the appeal of the determination of the suppression court turns on

- 12 -

> allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. McAdoo*, 46 A.3d 781, 783-784 (Pa.Super. 2012), *appeal denied*, 65 A.3d 413 (Pa. 2013) (citations omitted). Further, "[i]t is for the suppression court as the trier of fact, rather than the reviewing court, to determine credibility." *In Interest of Parks*, 536 A.2d 440, 443 (Pa.Super. 1988).

Here, the trial court found credible the testimony of Officer Gangloff that Officer Gangloff read appellant his *Miranda* rights from the preprinted portion of the voluntary statement form. (Notes of testimony, 4/13/16 at 8-11.) The trial court also found credible Officer Gangloff's testimony that appellant did not indicate to Officer Gangloff on October 21, 2015, that he was under the influence of any alcohol, controlled or counterfeit substance, or was impaired in any way. (*Id.* at 11.) Officer Gangloff also reported that appellant did not refer to having taken any prescription medications prior to meeting with Officer Gangloff. (*Id.* at 12.) The trial court also credited Officer Gangloff's extensive experience as a police officer with interactions with those under the influence of drugs or alcohol when he reported that appellant did not possess any objective indicators of intoxication.

The trial court further rejected appellant's testimony that he did not recall being at the police station on October 21, 2015, did not recognize his

written statement, and did not recall having written the statement. (**Id.** at 20-21.) The trial court further rejected appellant's contention that he lacked capacity to make the statement due to his ingestion of a combination of alcohol and drugs.

The trial court is the fact-finder in the suppression hearing. **Parks**. The record supports the trial court's factual findings. There is no credible support in the record for appellant's contention that he suffered a deprivation of his constitutional rights because he lacked capacity to make a knowing, voluntary, and intelligent statement regarding his possession of a firearm. A review of the record supports the trial court's factual findings such that an appeal based on this issue would be frivolous.

Additionally, our independent review of the entire record has not disclosed any potentially non-frivolous issues. Consequently, we grant counsel's petition to withdraw, and we affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/17

- 14 -